24CA1176 Martinez v Power 05-29-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1176
Adams County District Court No. 22CV31153
Honorable Sarah E. Stout, Judge

---

Rick Clyde Martinez,

Plaintiff-Appellant,

v.

Power Home Remodeling Group, LLC,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE GOMEZ
Freyre and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

---

Ramos Law, Clarence Gamble, Northglenn, Colorado, for Plaintiff-Appellant

Hall & Evans, LLC, Brian Molzahn, Mark S. Ratner, Ethan E. Zweig, Denver, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Rick Clyde Martinez, appeals the district court's entry

of summary judgment in favor of defendant, Power Home

Remodeling Group, LLC (the company).  We affirm.

I.     Background

¶ 2     Under the terms of a "Custom Remodeling and Improvement

Agreement," the company agreed to install windows and a sliding

glass door at Martinez's residence.

¶ 3     According to Martinez, during the installation process, one of

the company's employees walked into Martinez's backyard shed and

removed a tarp and a roll of tar paper (also referred to as ice melt).

The employee then climbed onto Martinez's roof and, when asked,

said he was going to cover a hole with the tarp.  As this was going

on, the other employees laughed.

¶ 4     Soon thereafter, the ice melt fell off the roof and struck

Martinez in the head, injuring him.  According to Martinez, the

company wasn't doing any work on his roof, and the employee "had

no business on [his] roof."

¶ 5     Martinez filed a complaint against the company, asserting a

single claim for negligence.  The claim was based on Martinez's

allegations that "[the company] and its agents owed a duty of care

1

in the performance of their work at [his] residence" and that they "breached that duty of care by carelessly throwing [the] ice melt in the air which landed on [his] head." Martinez didn't expressly assert a claim for vicarious liability against the company, nor did he assert any claims against the individual employee.

¶ 6    After the close of discovery, the company sought summary judgment, arguing that (1) there was no evidence supporting the allegation that it owed a duty to Martinez, or that it breached any such duty; (2) Martinez hadn't alleged a claim for vicarious liability; and (3) even if he had alleged such a claim, there was no evidence that the employee was acting within the scope of his employment with the company at the time of the injury.

¶ 7    The district court entered an order granting the motion. In reviewing the complaint, the court determined that Martinez's negligence claim encompassed both vicarious liability (or respondeat superior) and direct negligence theories. The court determined that Martinez's vicarious liability theory failed because he hadn't presented any evidence to establish that the company's employee was acting within the scope of his employment when the injury occurred. The court also determined that the economic loss

rule barred Martinez's direct negligence theory because he hadn't established that the company owed him a legal duty independent of its contractual obligations. The court accordingly entered summary judgment in favor of the company.

## II.  Standard of Review

¶ 8      We review a district court's grant of summary judgment de novo. *Univ. of Denver v. Doe*, 2024 CO 27, ¶ 7. Applying the same standard as the district court, "we must 'determine whether a genuine issue of material fact existed and whether the district court correctly applied the law.'" *Poudre Sch. Dist. R-1 v. Stanczyk*, 2021 CO 57, ¶ 12 (quoting *City of Fort Collins v. Colo. Oil & Gas Ass'n*, 2016 CO 28, ¶ 9).

¶ 9      At summary judgment, "[t]he moving party bears the initial burden of showing no genuine issue of material fact exists." *Westin Operator, LLC v. Groh*, 2015 CO 25, ¶ 20. If this burden is met, "the burden then shifts to the nonmoving party to establish a triable issue of fact." *Id.* The nonmoving party may not rest on the allegations made in the pleadings but, instead, must provide facts "by affidavit or otherwise" to show there is a triable issue. *Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 960 (Colo. App. 2009).

## III. Discussion

¶ 10    Martinez's sole argument in his opening brief is that the district court erred in determining that the economic loss rule barred his direct negligence theory.  However, we needn't decide whether the court erroneously applied the economic loss rule because we conclude that, regardless, Martinez hasn't established a genuine issue of material fact on his negligence claim based on either vicarious liability or direct negligence.  *See Brown v. Long Romero*, 2021 CO 67, ¶¶ 24-29 (recognizing that a plaintiff's claims against an employer arising from the negligent acts of its employee may be based on either vicarious liability or direct negligence).  Therefore, the district court's entry of summary judgment was proper.  *See Million v. Grasse*, 2024 COA 22, ¶ 29 ("[W]e may affirm a trial court's judgment on any basis supported by the record.").

### A. Vicarious Liability

¶ 11    In his opening brief, Martinez doesn't challenge the district court's ruling rejecting his theory of vicarious liability.  To the extent that Martinez attempts to raise such a challenge in his reply brief, we decline to consider it, as it is both untimely and undeveloped.  *See Gomez v. Walker*, 2023 COA 79, ¶ 9 n.3 ("[W]e do

not consider arguments raised for the first time in a reply brief."); *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12 ("We don't consider undeveloped and unsupported arguments."), *aff'd on other grounds*, 2021 CO 56.

¶ 12    Accordingly, Martinez hasn't established a genuine issue of material fact on his negligence claim based on a theory of vicarious liability.

## B.    Direct Negligence

¶ 13    Martinez also hasn't established a genuine issue of material fact on his negligence claim based on a theory of direct negligence.

¶ 14    To hold an employer directly liable for its employee's negligent conduct outside the scope of their employment, a plaintiff may pursue a claim for negligent hiring, training, or supervision. *Westin Operator*, ¶ 23; *Keller v. Koca*, 111 P.3d 445, 448 (Colo. 2005). Such a claim is "based on the principle that a person or business conducting an activity through employees is subject to liability for harm that results from negligent conduct in employing those persons." *Westin Operator*, ¶ 23. To prevail, a plaintiff must prove the four basic elements of negligence: (1) the employer owed the plaintiff a legal duty of care; (2) the employer breached that duty;

(3) the plaintiff suffered an injury; and (4) the employer's breach caused that injury. *See id.*

¶ 15　As to the first element, the plaintiff must establish that the employer owed them a legal duty. *Id.* at ¶¶ 23-24; *see also Keller*, 111 P.3d at 447 ("A negligence claim fails where the law does not impose a duty on the defendant to act for the plaintiff's benefit."). Whether the employer owes such a duty to the plaintiff is a question of law to be determined by the court. *See Keller*, 111 P.3d at 448.

¶ 16　An employer has a legal duty to third parties, predicated on the acts of its employee, only if it knows or should know that the employee is creating an unreasonable risk of harm to those third parties. *Id.* at 448-50; *Destefano v. Grabrian*, 763 P.2d 275, 287-88 (Colo. 1988); *see also Settle v. Basinger*, 2013 COA 18, ¶ 26 ("The duty . . . arises when the . . . employer 'has *reason to know*' that the . . . employee 'is *likely to harm* others' because of '*[their] qualities*' and 'the work or instrumentalities entrusted to [them].'" (quoting *Destefano*, 763 P.2d at 287)).

¶ 17　Over the course of this case, Martinez has not alleged, argued, or presented evidence that the company knew or should've known

that the subject employee posed a foreseeable risk of harm to third parties like Martinez.

¶ 18    First, Martinez didn't allege any such facts in his complaint. Instead, he only generally alleged that "[the company] and its agents owed a duty of care in the performance of their work at [his] residence." *See Woodall v. Godfrey*, 2024 COA 42, ¶ 7 (although a complaint only needs "to provide a short and plain statement" of a claim for relief, that statement must still contain sufficient detail to provide the defendant with notice of the claim); C.R.C.P. 8(a)(2).

¶ 19    Next, in his response to the company's summary judgment motion, Martinez neither argued nor presented evidence that the company owed him a duty on the basis that it knew or should've known its employee was likely to cause harm. Instead, Martinez's only argument in support of his direct claim against the company, citing *Collard v. Vista Paving Corp.*, 2012 COA 208, ¶ 52, was that contractors like the company "owe a duty of care to third parties who could foreseeably be injured by negligent construction, installation, repair, or performance on service contracts." But the division in *Collard* didn't consider any issues regarding negligent hiring, retention, or supervision or otherwise relating to employees

that a contractor knew or should've known were likely to cause harm; instead, it addressed a contractor's general duty to leave a worksite in a safe condition for later users. *See id.* at ¶ 27. And Martinez's only evidence offered in opposition to summary judgment related to the incident itself — not to anything indicating that the company knew or should've known that the employee was creating an unreasonable risk of harm. Indeed, the district court noted in its summary judgment order that Martinez was not asserting any claims based on negligent hiring, training, or supervision.

¶ 20 In his opening brief on appeal, Martinez again only vaguely defines the duty he alleges the company owed to him, describing it as a "duty of care not to injure the party it entered into a contract with while performing its scope of work." But he doesn't specifically argue that the company was responsible for its employee's allegedly negligent conduct and doesn't point to any evidence suggesting that the company knew or should've known that the employee was likely to cause harm.

¶ 21 Only in his reply brief does Martinez address the issue, contending that he "can establish a direct negligence claim by proving [the company] had a duty to prevent an unreasonable risk

of harm to third persons to whom [it] knew or should have known that the employee would cause harm." But because Martinez sets forth this argument for the first time in his appellate reply brief, we cannot consider it. *See Gomez,* ¶ 9 n.3; *Scott R. Larson, P.C. v. Grinnan,* 2017 COA 85, ¶ 70 ("Civil cases too numerous to cite say that 'issues not raised in or decided by a lower court will not be addressed for the first time on appeal.'" (quoting *Robinson v. Colo. State Lottery Div.,* 179 P.3d 998, 1008-09 (Colo. 2008))).

¶ 22    Martinez failed throughout the litigation to allege, argue, or establish that the company knew or should've known its employee was likely to cause harm to a third party like him. He therefore failed to create a triable issue on direct liability for the employee's allegedly negligent conduct.

## IV.   Disposition

¶ 23    The judgment is affirmed.

JUDGE FREYRE and JUDGE MEIRINK concur.